MIRIAM CEPERO RIVERA ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, HERMINIO MIRANDA, JUDGE, Respondent; THE PEOPLE OF PUERTO RICO, Intervener.

No. C-65-98.     Decided March 14, 1966.

---

242

*Enrique González, Lorenzo Piñeiro Rivera, Ferdinand Rivera Ortega, Miguel Ángel Ortiz Lugo, Juan Mari Bras,* and *Pedro Baiges Chapel* for petitioners. *J. B. Fernández Badillo, Solicitor General,* and *Héctor R. Orlandi Gómez* for intervener.

PER CURIAM: Petitioners have been accused of violation of § 84 of the Penal Code, 33 L.P.R.A. § 274, which reads as follows:

"Every person *who attempts, by means of any threat or violence,* to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly *resists,* by the use of force or violence, such officer in the performance of his duty, is punishable by fine not exceeding five thousand dollars, and imprisonment in the penitentiary not exceeding five years." (Italics ours.)

Because of some events which occurred on the grounds of the University of Puerto Rico, petitioners were accused of and tried for the offense of aggravated assault and battery, committed, as stated in the complaint, on the person of Captain Carmelo González of the Police of Puerto Rico. While said events occurred, Lieutenant Sandoval and Sergeant Mundo, of the Police, proceeded to arrest petitioners. Then, as stated in the complaint, the petitioners resisted the said public peace officers by the use of force and violence to prevent them from performing their duty. The battery, if any took place, was against an officer other than the ones whom petitioners resisted.

Petitioners appeal to us by way of certiorari, from a decision of the Superior Court denying a motion to dismiss. Their theory is that since they were acquitted of the offense of aggravated assault and battery by a district court, the matter is now res judicata. In other words, they believe that because they were acquitted of violating § 826 of Title 33 of L.P.R.A., now they cannot be tried for violation of § 84 of the Penal Code.

■ Petitioners are wrong for two reasons. The first one is that in order that a violation of § 84 of the Penal Code may exist it is not required that another offense be previously committed. In order to set forth the second reason it is advisable to examine first the text of Rule 11 of Crimi-

nal Procedure which contains the provisions on arrest by a peace officer, since this case centers on the problem of whether the arrests made or attempted were legal. It does not center, as we have already said, on whether the offenses of aggravated assault and battery were committed or not. The cited Rule 11 provides in its pertinent part:

"A peace officer may arrest a defendant without the corresponding warrant:

"(a) *When he has reasonable grounds to believe* that the person about to be arrested has committed the offense in his presence. In this case the arrest shall be made immediately or within a reasonable time after the commission of the offense. Otherwise, the officer shall request that a warrant of arrest be issued." (Italics ours.) (Subdivisions (b) and (c) of said rule are omitted because they are not relevant to the case.)

■ As it may be seen from an examination of the rule itself the latter does not require that an offense should have been actually committed. What the rule requires is that the officer have reasonable grounds to believe that the person has committed an offense in his presence. *People* v. *Cabrera Cepeda*, 92 P.R.R. 68 (1965). *People* v. *López Rivera*, 89 P.R.R. 774 (1964), footnote 7.

To claim that a policeman can arrest only when an offense has been *committed* instead of *when he has reasonable grounds to believe* that it has been committed, practically means that policemen would have to be magistrates and would have to hold a trial to see whether the offense has been committed or not, and if committed, then proceed to arrest. The absurdity of this position is evident. It is clear that the determination of whether an offense was committed or not is not incumbent upon the policeman nor upon the person about to be arrested, but upon a court of justice, in due time and through the due process of law. Civilized society survives predicated on the rule that individuals shall not take the law in their own hands.

■ ■ Since what the rule requires is that the officer have reasonable grounds to believe that the person about to be arrested has committed an offense in his presence, the conduct of the public peace officer or agent is to be judged on the basis of the weight given by a reasonable and prudent person to the attendant circumstances. *People v. Cabrera Cepeda, supra.* To make the arrest lawful it is sufficient that the agent or peace officer have reasonable or founded grounds to believe that the offense has been committed by the arrested person or the person about to be arrested. LaFave, Arrest 241 (1965). As the officer's view, although well reasoned and founded, will not always coincide with the view of the courts, an arrest may be lawful, even though thereafter it is determined that the person arrested did not commit the offense. Moreland, Modern Criminal Procedure 11 (1959).

■ ■ In view of the foregoing it is necessary to conclude that even assuming that the controversy of whether petitioners committed or not aggravated assault and battery on the person of Captain González is res judicata, the dismissal of the information for another offense, such as the violation of § 84 of the Penal Code, does not lie. 1 Wharton, Criminal Law and Procedure 407, § 174 (1957). If it is proved that the public peace officers who were going to arrest petitioners had reasonable grounds to believe that the persons accused had committed an offense in their presence, it would be sufficient to establish the legality of the arrest. The arrest being lawful, the resistance thereto by means of force or of violence, if proved, would constitute the offense comprised in § 84 of the Penal Code.

Of course, we are not deciding now whether the petitioners committed said violation or not. That will be incumbent upon the trier of the facts. What we are deciding is that in order that violation of § 84 may exist it is not necessary that another offense should have been previously

committed. Section 84 comprises by itself only one public offense. This is to attempt, by means of threat or violence, to deter or prevent an executive officer from performing any duty imposed upon him by law, or knowingly resisting, by the use of force or violence, such officer in the performance of his duty.

The writ issued will be quashed.

Mr. Justice Belaval, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra did not participate.